# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
     v.      )      ID Nos.   1906003128A/B;
     )           1906003201
TERRELL S. MOBLEY,      )
     )
     Defendant.      )

Submitted: March 23, 2020
Decided: May 21, 2020

*Upon Defendant's Motions to Exclude Certain Prior Convictions*
**GRANTED**

*Upon State's Motion in Limine to Admit Evidence*
**DENIED**

## ORDER

Matthew B. Frawley, Deputy Attorney General, Periann Doko, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorneys for the State of Delaware.

Patrick J. Collins, Esquire, Collins & Associates, Wilmington, Delaware, Attorney for Defendant.

**Rocanelli, J.**

This decision addresses evidentiary issues in two criminal actions against Defendant Terrell Mobley ("Defendant").[1] Defendant is charged with murder, attempted murder, and weapons offenses in Case No. 1906003201 ("Murder Case"). Defendant is charged with various weapons offenses in Case No. 1906003128A/B ("Weapons Case"). Both cases were scheduled for trials that have now been continued as a result of the state of emergency related to COVID-19.

Defendant intends to testify as a witness at both trials. The parties seek rulings on the admissibility of certain evidence in anticipation of Defendant's testimony in his own defense. Defendant moves to exclude reference in both trials to Defendant's prior felony convictions for drug dealing offenses, arguing that the probative value of the evidence is outweighed by its prejudicial effect pursuant to D.R.E. 609.[2] The State seeks admission in its case-in-chief of the Murder Case of certain evidence related to Defendant's alleged criminal activities under D.R.E. 404(b) on the grounds that the information will establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[3]

---

[1] A third case is also pending but is not addressed by this Order.

[2] Initially, Defendant also moved to exclude Defendant's 2005 conviction for Burglary Second Degree but later withdrew that part of the motion, conceding that the burglary conviction is admissible for impeachment as a crime of dishonesty if Defendant testifies as a witness.

[3] The State's motion and Defendant's response in opposition thereto have both been filed under seal.

1

## DISCUSSION

### I. Defendant's Motions

Defendant's motions seek a ruling on whether Defendant's 2016 convictions for drug dealing offenses may be used to attack Defendant's credibility as a witness if he chooses to testify at trial. These are felony offenses, and these convictions are within 10 years.[4] However, drug dealing is not a crime of dishonesty and, therefore, evidence of these convictions is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."[5]

The prejudicial effect of Defendant's prior drug dealing convictions outweighs any probative value the convictions might have. While the convictions are relatively recent,[6] they say very little about the credibility of Defendant's testimony. On the other hand, convictions for drug dealing offenses are highly prejudicial when offered to impeach the veracity of a witness whose innocence or guilt is being determined by the jury.[7] Presentation of such evidence is more likely

---

[4] D.R.E. 609(a) addresses the requirement of a felony conviction and D.R.E. 609(b) addresses additional analysis for convictions more than 10 years old.

[5] D.R.E. 609(b).

[6] Both convictions occurred in 2016.

[7] *See Gregory v. State*, 616 A.2d 1198, 1203 (Del. 1992) ("[P]ast convictions for narcotics offenses created a substantial risk that the jury would draw the character inference, forbidden by D.R.E. 404(b), that the defendant acted in conformity with a character predisposed to selling drugs. That failure was clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.").

to call into question Defendant's general propensity for criminal behavior than to challenge the credibility of Defendant's testimony. Accordingly, evidence of Defendant's 2016 Drug Dealing drug convictions shall not be permitted as affirmative evidence to impeach his credibility as a witness.[8]

## II. The State's Motion

The State requests a ruling from the Court that the State be permitted to introduce certain evidence in the State's case-in-chief at Defendant's trial in the Murder Case. The State contends the evidence is necessary to explain its theory of Defendant's motives and intent for the homicide, as well as Defendant's identity. Specifically, the State proposes to present evidence it claims will establish proof of Defendant's various criminal relationships and illicit business dealings, as well as an alleged admission by Defendant that Defendant shot the victim based on a mistaken understanding that the victim was someone else who owed Defendant a drug debt.

Evidence of a person's past crimes and other wrongful acts, while inadmissible to prove a person's character,[9] "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity,

---

[8] On the other hand, evidence of Defendant's 2016 convictions for drug dealing offenses would be permitted to challenge any testimony by Defendant that directly contradicts the fact of these prior convictions.

[9] D.R.E. 404(b)(1).

3

absence of mistake, or lack of accident."[10] The Delaware Supreme Court, in *Getz v. State*, articulated a six-part test to assess the admissibility of evidence of crimes, wrongs, or other acts under Rule 404(b):

(1)    The evidence of other crimes must be material to an issue or ultimate fact in dispute in the case. . . .
(2)    The evidence of other crimes must be introduced for a purpose sanctioned by Rule 404(b) or any other purpose not inconsistent with the basic prohibition against evidence of bad character or criminal disposition.
(3)    The other crimes must be proved by evidence which is 'plain, clear and conclusive.'
(4)    The other crimes must not be too remote in time from the charged offense.
(5)    The Court must balance the probative value of such evidence against its unfairly prejudicial effect, as required by D.R.E. 403.
(6)    The jury must be instructed regarding the evidence's limited purpose as required by D.R.E. 105. [11]

Furthermore, the Delaware Supreme Court identified additional factors to consider when balancing the probative value and unfair prejudice of proffered evidence under the fifth prong of *Getz*,[12] as follows:

(1)    The extent to which the point to be proved is disputed;
(2)    The adequacy of proof of the prior conduct;
(3)    The probative force of the evidence;
(4)    The proponent's need for the evidence;
(5)    The availability of less prejudicial proof;
(6)    The inflammatory or prejudicial effect of the evidence;
(7)    The similarity of the prior wrong to the charged offense;
(8)    The effectiveness of limiting instructions; and
(9)    The extent to which prior act evidence would prolong the

---

[10] D.R.E. 404(b)(2).
[11] 538 A.2d 726, 734 (1988).
[12] *DeShields v. State*, 706 A.2d 502, 506–07 (Del. 1998).

proceedings.[13]

### A. "Drug Debt" Evidence Related to Uncharged Illicit Transactions

The State seeks to present evidence to the jury of a "drug debt" allegedly owed to Defendant by a person not otherwise involved in the shooting incidents in the Murder Case. In addition, the so-called "drug debt" involves alleged transactions that have not been the subject of criminal charges. To be admissible under Rule 404(b), evidence of Defendant's participation in an uncharged drug transaction must be "plain, clear, and conclusive."[14]

Citing *Lloyd v. State*,[15] the State argues that "[w]itness testimony is sufficient to support a finding of plain, clear, and conclusive evidence."[16] The witness testimony in *Lloyd*, however, was provided by a victim of uncharged sexual assault to show that the defendant had, in fact, assaulted her.[17] Such testimony, the Court noted, "is enough to support an element of the crime of rape" and is therefore sufficient "to show reliability under the 'plain, clear and conclusive' standard of *Getz*."[18]

---

[13] *Id.*
[14] *See id.*
[15] 1991 WL 247737 (Del. Nov. 6, 1991).
[16] Mot. in Lim. Admit Evid. 8.
[17] *See Lloyd*, 1991 WL 247737, at *3.
[18] *Id.*

5

However, the evidence which the State proposes to present in Defendant's Murder Case is much more attenuated and will not be presented by a witness with personal knowledge of the uncharged misconduct at issue. Rather, the State proposes to present a witness who claims that Defendant mentioned a drug debt owed by another person not otherwise related to the murder allegations at issue. Such proposed testimony is not conclusive evidence of uncharged drug dealing.

Furthermore, the total weight of the *DeShields* factors militates against admissibility. First, the "adequacy of proof of the prior conduct" weighs heavily against admissibility for the same reasons that the evidence is not plain, clear, and conclusive—the "proof," if any, is limited to the testimony of a witness who lacks personal knowledge of the alleged unlawful drug transaction. Second, the State's need for the "drug debt" evidence is minimal. According to the State, two proposed witnesses will both testify that Defendant admitted (1) to firing the gun that killed the victim in the Murder Case and (2) that Defendant intended to kill someone else who owed Defendant a drug debt. Such testimony is relevant in that it tends to prove a fact in controversy, i.e., that Defendant is responsible for the homicide, but introduces peripheral evidence of other criminal acts. The relatively marginal probative value of the testimony is substantially outweighed by the highly prejudicial nature of "drug debt" evidence. Moreover, introduction of this "drug

6

debt" evidence will necessitate a mini-trial on highly controverted facts which would require a much longer trial than otherwise would be necessary.

Thus, upon balancing the probative value and unfair prejudice of the proffered evidence, the State's proposed "Drug Debt" evidence will be excluded.

## B.  Criminal Relationships Evidence

The State cites the "inextricably intertwined" doctrine as support for its request to admit evidence of alleged criminal relationships between Defendant and two proposed witnesses relating to drug dealing and the illegal sale of firearms.  The inextricably intertwined doctrine's "applicability is limited to 'inextricably intertwined' evidence of uncharged misconduct which, if excluded, would create a 'chronological and conceptual void' in the State's presentation of its case to the jury that would likely result in significant confusion."[19]  "A trial judge may only admit evidence of 'inextricably intertwined' misconduct for the purposes of avoiding the confusion which would be caused by its exclusion, and then only after balancing the prejudicial effect of its inclusion."[20]

The State claims that evidence of the alleged criminal relationships is necessary to "explain how [the witnesses] know Defendant" and "why Defendant would confide in [the witnesses]."[21]  In other words, the State seeks to bolster the

---

[19] *Pope v. State*, 632 A.2d 73, 76 (Del. 1993).
[20] *Id.*
[21] Mot. in Lim. Admit Evid. 11–12.

credibility of the witnesses, which is not a valid basis for invoking the inextricably intertwined doctrine. The State can accomplish its goals without proffering highly prejudicial character evidence.

Thus, upon balancing the probative value and unfair prejudice of the State's proposed evidence of alleged criminal relationships between Defendant and the two proposed witnesses, the evidence is inadmissible and shall be excluded.

**NOW, THEREFORE, this 21st day of May 2020:**

**1.      Defendant's motions to exclude certain prior criminal convictions are hereby GRANTED; and**

**2.      The State's motion *in limine* to admit evidence is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**